Day, J.
The action in the common pleas court was by Kehnast for contribution from co-sureties. The material facts stated in the petition and otherwise made to appear are as follows: One Fred W. LeSeur was duly appointed and acted as administrator of the estate of Thomas Dempsey, deceased. At the date of his appointment he gave bond in the sum of $2000,with George Daum and Henry Meyers as sureties. The bond contained the usual condition, that the administrator should account for and turn over all moneys received by him as such administrator. Later, it being necessary to sell real estate to pay debts, an additional bond was required and given, containing a similar condition, in the sum of $16,000, with Wm. A. Kehnast, the plaintiff below, and John H. Kiser as sureties. Both bonds were accepted and the sureties approved, and LeSeur acted as administrator, but failed and omitted to account for and pay over moneys received by him as such in the sum of $000. An administrator de bonis non of the estate of Dempsey, deceased, brought suit in Defiance county on the second bond against LeSeur, Kehnast and Kiser to recover for the default of LeSeur. Such proceedings were had that a judgment was rendered against LeSeur, Kehnast and Kiser for $900 and costs. Kiser and LeSeur are and were insolvent, and with the exception of $200, no part of the judgment could be made off of either of • them, .and Kehnast was compelled to and did pay said judgment and costs with the exception of $200, whereby he says a *3 right of action has accrued to him against his co-sureties, Kiser, Daum and Meyer, for contribution. Kiser and Kehnast are residents of Defiance county, and Daum and Meyer of Henry county, Ohio. The prayer of the petition is for an accounting in equity between the co-sureties and for judgment as the rights of the parties may appear.
On this petition a summons was issued to the sheriff of Defiance county for Kiser, and to Henry county for Daum and Meyer, both of which were served on the defendants and duly returned in accordance with the fact. Daum and Meyer entered a qualified appearance for that purpose only and submitted a motion to set aside service of summons on them, based on the fact that they were residents of Henry county, Ohio, and not subject, in this case, to be summoned in Defiance county, the court by such process acquiring no jurisdiction over their persons. This motion was overruled and exception noted. Daum and Meyer then demurred to the petition,raising the.same question of jurisdiction. This demurrer was overruled and the said defendants not desiring to further plead, the court took an account of the matter and entered judgment against Daum and Meyer that they each contribute their proportionate share of the enforced payment made by Kehnast, Daum and Meyer prosecute error here to obtain a reversal of the judgment, and they assign as grounds of reversal the ruling and judgment on the motion and demurrer.
The only question raised is as to whether the plaintiffs in error, being residents of Henry county, can be summoned and brought into the court of Defiance county, so as to subject them to the jurisdiction of that court.
The bringing of actions, when and where; the making of parties thereto, plaintiff and defendant; the issuing and service of process, so as to effect the appearance of a party to such action, are all matters regulated and governed by *4 the positive provisions of the code, which, it is believed, clearly authorized and warranted the course of procedure adopted and followed in this case.
The parties named as defendant, with the exception of LeSeur, were all sureties on the bonds of LeSeur as administrator of the estate of Dempsey, deceased, and as such liable to contribution as between co-sureties. True, they were on separate and distinct instruments, but that fact, it seems, is not of essence, and does not in the least alter or affect their relation to each other or their liability as-co-sureties. In Oldham v. Broom, 28 Ohio St., 41, Judge Johnson, on page 48, says:
“The right of contribution among sureties is not founded on contract, but is the result of principles of equity on the grounds of equality of burdens and benefits. For this reason, when several parties by the same or by distinct instruments become sureties for the payment of a sum of money, and one pays more than his share, he may compel contribution from the others as co-sureties.”
See also 45 Ohio St., 577.
Enforcing this doctrine, then, and it follows surely that Kehnast, Kiser, Daum and Meyer were co-sureties for the administrator LeSeur, and so liable for contribution to equalize the burdens incident to the situation. Being co-sureties, they all had an interest in the controversy tendered by the plaintiff and adverse to the plaintiff. They were also necessary parties to a complete determination and settlement of the question involved. If this is so, then, under the provisions of section 5006, Revised Statutes, they were properly joined as defendants in the case.
Section 5006 provides:
“Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein.”
This section, we think, clearly authorized the making of Daum and Meyer and Kiser defendants to plaintiff’s con *5 tention, as necessary and substantially interested parties.
Martin Knupp, for Plaintiffs in Error.
H. G. Baker, for Defendant in Error.
Chapter 5, title 1, division 2, provides and directs where actions may be brought. Section 5031 of that chapter provides:
“Every other action must be brought in the county in which a defendant resides or may be summoned, except,” etc.
In this case, a defendant, J. H. Kiser, resides in Defiance county, and so the action was rightly brought in Defiance county.
Section 5038, Revised Statutes, has this provision:
“When the action is rightly brought in any county, according to the provisions of chapter 5 of this division, a summons may be issued to any other county against one or more of the defendants at plaintiff’s request,” etc.
This was all done in this case, as appears of record, and it is believed that, in following the plain and clear provisions of the statutes, jurisdiction was obtained over the defendants Damn and Meyer.
We approve the action of the lower court, and affirm its judgment.